[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 20, 1970, a total of 28 years. The Wife instituted this action claiming a dissolution of marriage, alimony, an equitable distribution of assets, counsel fees and other relief. The Husband filed a cross complaint making identical claims.
The court finds that residence requirements have been satisfied, one child was born to the Wife since the date of marriage who is now an adult, and neither party has received public assistance from the State of Connecticut.
Both parties are in good health, high school graduates, and capable of being self supporting. Neither party is primarily responsible for the marriage breakdown.
All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the orders which follow.
 ORDERS
Dissolution of Marriage
The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
Alimony
No alimony is awarded to either party.
Wife's Assets
The Wife is awarded the following assets: 1992 Buick automobile, Chase Manhattan Bank savings account (approximate balance $4,700), Chase Manhattan Bank checking account (approximate balance $100), and her 401(k) plan (approximate balance $3,500). The Wife is also awarded all of the furniture and furnishings located in the marital residence except for the CT Page 9519 silverware and china which, by agreement of the parties, shall be given to the daughter Jacqueline.
Husband's Assets
The Husband is awarded the 1990 Dodge automobile, 1982 Silverton boat subject to the outstanding loan (approximate equity $6,000), his First Union Bank checking account (approximate balance $500), and any other items of furniture or personal possessions now in his exclusive control.
Real Estate
The Husband is ordered to Quit Claim to the Wife his interest in the marital residence located at 181 Nutmeg Lane, Fairfield, Connecticut as follows. The Wife is to refinance the existing first mortgage, or otherwise cause the Husband's name to be removed from the liability, within 120 days from date. On the refinance date, the Husband shall deliver the Quit Claim deed to the Wife and the Wife shall pay to the Husband the sum of $63,883.53. Said sum was arrived at as follows:
Agreed upon equity..........................$180,000.00
Less cost to refinance....................... 1,000.00
Less Liabilities to be paid at closing... 28,353.94
Net equity to be divided.................... 150,646.06
Amount due Husband.......................... 75,323.03
Less loan due Wife....................... 11,349.00
Cash due to Husband.........................$ 63,974.03
The amount due the Husband shall be payable as follows: $35,000 in cash on delivery of the deed and $28,974.03 by promissory note, secured by a second mortgage on the premises, due and payable three years from date of closing. Said note shall bear simple interest at the rate of six percent per annum, include costs of collection and attorney's fees in the event of default, and shall be immediately due and payable in the event of a sale of the premises. Until the refinance closing the Wife is to have the sole responsibility for the payment of the mortgage, CT Page 9520 taxes, insurance, and other reasonable and customary expenses concerning same.
In the event the Wife is unable or unwilling to refinance the property as aforesaid, the property shall be immediately listed for sale and sold to the buyer with the first reasonable offer. If the parties are unable to agree on the listing price, broker, terms of sale, or any other issue, the court shall retain jurisdiction for determination of same.
Liabilities
The Husband shall assume the following liabilities: various medical bills ($1,000), Texaco ($700), Peoples ($162), and Fairfield Tax Collector ($140.16).
The Wife shall assume the following liabilities: J.C. Penny ($53.39), Steinbach ($312.04), Fairfield Tax Collector ($86.61), Sunoco ($1,486.28), and Citibank Mastercard ($909.04).
Each party shall save the other harmless from any and all claims regarding the liabilities assumed.
The following liabilities shall be paid out to the refinancing or sale of the marital residence: Sears ($993.17), Discover ($4,500), Barron, Gannon Co. ($513.63), 1st USA Visa ($5,035), Standard Oil ($438.17), Amex ($3,726.95), ATT Co. ($50.78), SNETCO ($618.22), IRS ($5,478.02), and Connecticut DRS ($7,000).
The Husband shall have the sole responsibility of ascertaining the balance due the Connecticut DRS, if any, prior to the closing. If the liability is not ascertained by the date of closing, payment shall remain the Husband's sole responsibility.
Counsel Fees
No counsel fees are awarded.
Miscellaneous
Each party is to sign any necessary documents and give their full cooperation to effectuate the orders described herein.
CUTSUMPAS, J. CT Page 9521